IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| CORINE E. WEHNER and VIVIAN M. WEHNER, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 230202G |
| v. | ) ) | |
| BENTON COUNTY ASSESSOR, | ) ) | |
| Defendant. | ) | **DECISION** |

Plaintiffs appealed the 2022–23 real market value of a parcel with a home, identified as Account Number 266555. Plaintiffs were represented at trial by Dieter Wehner, who testified. Defendant was represented by its chief appraiser, Steve Omernik, whom Plaintiffs called as a witness. The sole exhibit admitted was Plaintiffs' Exhibit 1.

## I. FACTS AND BACKGROUND

The subject is one of three tax lots whose collective 2020–21 real market value was reduced by this court in *Wehner v. Benton County Assessor*, TC–MD 210247G, 2021 WL 5121898 (Nov 4, 2021) (*Wehner I*). The subject is distinguished from the other two lots in that it has a residence on it.

Plaintiffs' Exhibit 1 is a brief containing the substance of Mr. Wehner's testimony, supplemented with printouts from Defendant's records showing tax roll values of the subject and the two adjacent lots between 2020–21 and 2022–23. Exhibit 1 also contains the Complaint filed by Plaintiffs in *Wehner I*.

Mr. Wehner argues that Defendant's adjustment to the subject's 2020–21 real market value following this court's decision in *Wehner I* was inappropriate. He argues that the subject's 2022–23 real market value should be calculated by trending forward the 2020–21 value he had

requested in the Complaint to *Wehner I*. By his calculations, that would result in a 2022–23 real market value of $546,535. According to the board order from which Plaintiffs appealed, the subject's real market value on the 2022–23 tax roll is $775,294.

## II. ANALYSIS

The issue is the 2022–23 real market value of the subject. Because Plaintiffs request a change to the tax roll, they must bear the burden of proof. *See* ORS 305.427.[1]

In weighing evidence of value, the court considers each matter de novo. ORS 305.425(1). The court does not presume that the assessor's tax roll value is correct. *J. R. Widmer, Inc. v. Dept. of Rev.*, 261 Or 371, 378, 494 P2d 854 (1972). Thus, the value on the tax roll is not a starting point for the court's value determination.

Instead, the court looks for "competent evidence" to establish value. *Yarbrough v. Dept. of Rev.*, 21 OTR 40, 44 (2012). Such evidence includes "appraisal reports and sales adjusted for time, location, size, quality, and other distinguishing differences, and competent testimony from licensed professionals such as appraisers, real estate agents and licensed brokers." *Id.*

In this case, Plaintiffs have not provided the court with any comparable sales or other data relevant to the subject's 2022–23 real market value. Instead, Plaintiffs assert that prior-year tax rolls contain errors that have been carried forward to the current year.[2]

Whether or not prior-year assessments are in error, such errors are irrelevant to the court's job now, which is to conduct its review "without any presumption as to the correctness of the assessor's valuation." *J.R. Widmer*, 261 Or at 378. To perform that de novo review, the

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

[2] In particular, Plaintiffs assert that Defendant misstated the subject's 2020–21 real market value. Although Plaintiffs argue that Defendant misapplied the court's decision in *Wehner I*, they point to no language in that decision requiring a 2020–21 real market value other than the one Defendant placed on the roll.

court needs evidence that looks outside the assessor's rolls to the property itself and to the market as of the assessment date—"competent evidence." *See Yarbrough*, 21 OTR at 44.

Plaintiffs have not provided any competent evidence of the subject's 2022–23 real market value. Instead, they have provided only tax-roll data, upon which the court may not rely. Accordingly, they have not carried their burden of proof. See ORS 305.427.

### III. CONCLUSION

Plaintiffs have not carried their burden of proof as to the 2022–23 real market value of property identified as Account 266555. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal be denied.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This Decision was signed by Magistrate Poul F. Lundgren and entered on January 15, 2025.*